UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
OKIETO WADE,

                        Plaintiff,

        -against-

BRIAN FISCHER, et al.,

                        Defendants.
----------------------------------------------------------------X

**MEMORANDUM & ORDER**

10 CV 5417

DEARIE, District Judge.

      Plaintiff, a pro se prisoner in the custody of the New York State Department of Correctional Services ("DOCS"), brings this action pursuant to 42 U.S.C. § 1983 for damages and declaratory and injunctive relief. He alleges that defendant Arthur Kill Correctional Facility corrections officers Recker and Rodriguez used excessive force against him in violation of the Eighth Amendment. In addition, plaintiff claims DOCS Commissioner Brian Fischer and Arthur Kill Superintendent Dennis Breslin are liable for failing to prevent the corrections officers from engaging in a known pattern and practice of abuse.

      Defendants move to dismiss plaintiff's claims for failure to exhaust pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In addition, defendants move to dismiss the claims against them in their official capacities for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). For the reasons set forth below, the Court grants the motions.

## BACKGROUND

      Plaintiff alleges that on September 7, 2010, at the Arthur Kill Correctional Facility, C.O. Recker and C.O. Rodriguez ordered him to place his hands on a nearby wall for a "pat-frisk," and

"he suddenly had his head slammed onto the wall resulting in severe pain and trauma." (Compl. ¶ 11-12.) Plaintiff reported the incident to the medical staff, and they examined and photographed him. (Compl. ¶ 13.)

Plaintiff acknowledges that prior to his incarceration, he suffered a gunshot wound to his head, but he alleges that as a result of the attack, he had a seizure three days later and continues to experience headaches and vision problems. (Compl. ¶ 8,14.) According to his complaint, he was initially admitted to the Arthur Kill infirmary for monitoring and treatment and continues to be treated by a neurologist at Staten Island University Hospital. (Compl. ¶ 14-15.)

Plaintiff alleges that he filed a grievance regarding the assault on September 7, 2010 (Compl. ¶ 17), but his signed grievance form is dated September 17, 2010. (See Def. Ex. A.) He filed this Section 1983 action on November 18, 2010. Plaintiff's grievance was denied approximately three months later, on February 15, 2011, and he appealed the denial to the Department of Corrections' Central Office Review Committee ("CORC") on February 19, 2011.[1] On April 21, 2011, defendants filed this motion to dismiss.

## DISCUSSION

### A. Dismissal for Failure to Exhaust

Defendants move to dismiss all claims pursuant to Rule 12(b)(6) on the ground that plaintiff failed to exhaust his administrative remedies. The Court is not required to convert a motion to dismiss to a motion for summary judgment in order to consider documents that are incorporated by reference into the complaint or relied on so heavily that they are integral to the

---

[1] The Court has not been informed by either party of the result of the appeal to CORC.

complaint. Hofelich v. Ercole, 2008 WL 2796636, at *1-2 (S.D.N.Y. 2008). Thus, in deciding this motion to dismiss, the Court may consider the record of the grievance plaintiff filed at Arthur Kill, attached as Exhibit A to defendants' notice of motion.

The Prison Litigation Reform Act ("PLRA") provides, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Thus, exhaustion is mandatory before a prisoner initiates a Section 1983 suit, and *all* "available" remedies must be exhausted" even those which do not meet federal standards or requirements that they be "plain, speedy, and effective," and even when the prisoner seeks relief not available in grievance proceedings such as money damages. Porter v. Nussle, 534 U.S. 516, 524 (2002) (citing Booth v. Churner, 532 U.S. 731, 739-40 (2001)). As made clear in Woodford v. Ngo, 548 U.S. 81 (2006), "proper exhaustion" is required because "[t]he benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance" and "[t]he prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules." Macias v. Zenk, 495 F.3d 37, 44 (2d Cir. 2007) (quoting Woodford v. Ngo, 548 U.S. at 95). The exhaustion requirement applies to claims regarding specific episodes, as well as general circumstances, of prison life, Porter, 534 U.S. at 532, and exhaustion must occur before an action is filed in federal court, Neal v. Goord, 267 F.3d 116, 122 (2d Cir. 2001), abrogated in part on other grounds by Porter, 534 U.S. at 532. "Subsequent exhaustion after suit is filed . . . is insufficient." Id..

3

The contours of "proper exhaustion" necessarily depend upon the particular grievance system that applies. Jones v. Bock, 549 U.S. 199, 218 (2007). The three-tiered DOCS system generally requires that an inmate first file a grievance with the Inmate Grievance Resolution Committee ("IGRC"), appeal an adverse decision to the facility superintendent, and finally appeal an adverse decision of the superintendent to CORC. See Espinal v. Goord, 558 F.3d 119, 125 (2d Cir. 2009); Mateo v. Corebine, 2010 WL 3629515, at *3 (S.D.N.Y. 2010); 7 N.Y Comp. Codes R. & Regs, § 701.5. Under an expedited procedure for grievances against prison staff alleging harassment, however, a grievance is sent directly to the facility superintendent to investigate and render a decision that is appealable to CORC. See Espinal, 558 F.3d at 125; Mateo, 2010 WL 3629515 at *3; 7 N.Y. Comp. Codes R. & Regs., § 701.8. If the facility superintendent fails to render a decision within twenty-five days, the inmate may appeal directly to CORC. See Mateo, 2010 WL 3629515 at *3, 7 N.Y. Comp. Codes R. & Regs., § 701.8.

Plaintiff's grievance, filed on September 17, 2010, was not denied by the superintendent until February 15, 2011, well after the twenty-five day period applicable under the expedited procedures had elapsed. Instead of appealing directly to CORC after twenty-five days, however, plaintiff filed this lawsuit. He argues that he should be excused from the exhaustion requirement on the ground that by not rendering a decision on the grievance within the twenty-five day period, defendants failed to "abide by clearly established procedures of their own in processing and responding in a reasonably specified time period for addressing inmate grievances." (Pla. Aff. in Opp'n ¶ 12.) Plaintiff cannot deny, however, his awareness of § 701.8(g) DOCS Directive #4040, which he himself submits to the Court, setting forth in pertinent part: "If the superintendent fails to respond within the required twenty-five day time limit the grievant may

appeal his/her grievance to CORC. This is done by filing a Notice of Decision to Appeal (Form #2133) with the inmate grievance clerk." (Pla. Aff. in Opp'n at Ex. 1.) Plaintiff disregarded this direction and prematurely filed a complaint in federal court. See Gayle v. Benware, 716 F. Supp. 2d 293, 298 (S.D.N.Y. 2010) (instead of seeking review from the superintendent or CORC, plaintiff filed a federal court complaint—"precisely what the PLRA was intended to avoid").

The superintendent's late response to plaintiff's grievance does not excuse plaintiff's failure to appeal directly to CORC. Under Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004), failure to exhaust may be excused if (1) administrative remedies were not in fact "available"; (2) defendants have forfeited the affirmative defense of non-exhaustion or are estopped from raising it because their own actions inhibited the prisoner's exhaustion; or (3) "'special circumstances' have been plausibly alleged that justify 'the prisoner's failure to comply with administrative procedural requirements.'" Macias, 495 F.3d at 41 (quoting Hemphill, 380 F.3d at 686).[2] Plaintiff does not allege, and nothing in the record suggests, that he could not have followed the applicable procedures to pursue an appeal directly to CORC when he did not receive a timely response. Indeed, the record reflects that he was able to promptly file his appeal of the Superintendent's denial after he received it in February.

After the close of briefing on this motion, however, by type-written letter dated May 6, 2011, plaintiff informed Magistrate Judge Pohorelsky that he had been falsely accused of violating DOCS rules and confined to the Special Housing Unit, his papers had been confiscated or destroyed, and his mail had been delayed in retaliation for filing this action. He requested that

---

[2] Courts in this circuit routinely acknowledge that the Second Circuit has not yet addressed whether Hemphill retains its vitality post-Woodford and continue to apply it in the absence of contrary authority. See Mateo, 2010 WL 3629515, at *4 n. 2.

this action be held in abeyance. On May 10, 2011, plaintiff filed a handwritten, undated letter to Judge Pohorelsky, claiming that he had been subject to cruel and unusual punishment and confined to the Special Housing Unit three days after his April 18, 2011 telephone conference. He further alleged that the superintendent of Arthur Kill was aware of the retaliation but had done nothing about it because he wanted "revenge" and "cause" to have plaintiff removed from the facility. He claimed that he feared for his life while in the SHU because his epilepsy made it unsafe for him to be in close, confined quarters.

It is unclear whether plaintiff means to claim that exhaustion is now unavailable to him under the first prong of Hemphill as a consequence of the alleged retaliation or whether he seeks to amend his complaint to include a claim for retaliation. Regardless, the complaint must be dismissed. Plaintiff's allegations of mistreatment months after he came to federal court, even if true, do not excuse his failure to appeal directly to CORC before filing this action. Accordingly, his claims against defendants in their individual capacities are dismissed without prejudice.

## B. Dismissal of Official Capacity Claims against Defendants

Defendants move to dismiss the claims against them in their official capacites for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The Eleventh Amendment bars these claims as claims against the state. Davis v. New York, 316 F.3d 93, 101 (2d Cir. 2002) (citing Kentucky v. Graham, 473 U.S. 159 (1985), for the proposition that a claim for damages against state officials in their official capacity is barred by the Eleventh Amendment). Accordingly, these claims are dismissed with prejudice.

## CONCLUSION

For the reasons stated above, defendants' motions are granted, and the complaint is dismissed in its entirety. The Clerk of the Court is directed to close this case. In addition, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
　　　　March __, 2012

　　　　　　　　　　　　　　　　　　　　s/ Judge Raymond J. Dearie

　　　　　　　　　　　　　　　　　　　　RAYMOND J. DEARIE
　　　　　　　　　　　　　　　　　　　　United States District Judge